IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATASHA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| RESIDENT SALON SERVICES, INC., a Foreign Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, NATASHA THOMAS ("Plaintiff"), by her attorneys, BENJAMIN AND SHAPIRO, LTD., and for her Complaint at Law against the Defendant RESIDENT SALON SERVICES, INC. ("Defendant"), she alleges as follows:

## INTRODUCTION

1. The Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-2(a)(1). The Plaintiff contends that through its conduct, the Defendant discriminated against her based on her race, African-American, such that she was terminated from her position as District Manager.

## JURISDICTION & VENUE

2. This Court has jurisdiction and venue over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e-55(f)(3), which states as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and

administered, or in the judicial district in which the aggrieved <u>person</u> would have worked but for the alleged unlawful employment practice..

## PARTIES

3. The Plaintiff, NATASHA THOMAS, is an African-American female who is a citizen of the United States and who is a resident of Jacksonville, Florida. At all times relevant to this suit she was employed by the Defendant in Hoffman Estates, Illinois.

4. The Defendant RESIDENT SALON SERVICES, INC. is a corporation that is in the business of managing services at a variety of nursing homes and in particular in this matter, the Brookdale Independent and Assisted Living Home in the Village of Hoffman Estates, County of Cook and State of Illinois.

## STATEMENT OF FACTS

5. The Defendant hired the Plaintiff as a Regional Coordinator in 2018 and did most of her work for the Defendant at the Brookdale Independent and Assisted Living Home facility in Hoffman Estates, Illinois.

6. The Plaintiff's employment as Regional Coordinator either met or was beyond the Defendant's expectations.

7. Without warning, on or about August 4 or 5, 2020, the Defendant demoted the Plaintiff from Regional Coordinator to become a District Manager only after she was told that she was one of the Defendant's "greatest employees."

8. Thereafter, on or about September 5, 2020, the Plaintiff was pressured to move to Florida and was told that if she did not move to Florida, her employment would be terminated, and as such, the Plaintiff moved to Florida to continue her work for the Defendant.

9. On or about September 19, 2020 the Plaintiff was terminated from her employment after taking time off for sick leave for having a crown installed by her dentist, notwithstanding the fact that the Plaintiff's doctor gave her a written sick leave form.

10. As a pretext, the Defendant accused the Plaintiff for failing to submit to the Defendant certain documents that it claimed it needed in order to either inform or resolve the issue as to why the Plaintiff needed to take time off from work.

11. All of the foregoing occurred notwithstanding the fact that the Plaintiff had submitted all of the necessary documents to the Defendant.

12. The Plaintiff points out that she was neither written up nor given any verbal warnings in all of the years that she was employed by the Defendant.

13. In addition, one of the Defendant's Regional Managers told me that my salary was $10,000 less than the other Caucasian Regional Managers.

## COUNT ONE
### Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.*

14. Title VII, 42 U.S.C. § 2000e-2 *et seq* prohibits employment practices that discriminate against persons on the basis of their race.

15. The Plaintiff alleges that the Defendant's conduct in terminating the Plaintiff's employment was motivated by its racially discriminatory attitude toward the Plaintiff.

16. As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

17. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her race.

18. Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT TWO
### Race-Based Pay Discrimination in Violation of
### The Lily Ledbetter Fair Pay Act of 2009

19. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 18, above.

20. Section 706(e) of the Title VII states as follows:

(3)(A) For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

(B) In addition to any relief authorized by section 1977A of the Revised Statutes (42 U.S.C. 1981a), liability may accrue and an aggrieved person may obtain relief as provided in subsection (g)(1), including recovery of back pay for up to two years preceding the filing of the charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge.".

21. Defendant have employed Plaintiff and male employees in jobs as Regional Managers that require substantially equal skill, effort, and responsibility.

22. Plaintiff and male employees performed their jobs under similar working conditions.

23. Plaintiff was paid a lower wage than the male employees doing substantially equal work.

24. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than race.

25. Defendant caused, contributed to, or caused the continuation of wage rate

4

discrimination based on race, in violation of the Equal Pay Act.

26. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to Title VII.

## COUNT III
### Race-Based Discrimination in Violation of
### The Illinois Human Rights Act

27. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 26, above.

28. The Illinois Human Rights Act, 775 ILCS 5/1-102 states as follows:

(A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

29. As set out above, the Illinois Human Rights Act guarantees an individual's freedom from discrimination "against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

30. Defendants discriminated against Plaintiff by treating them differently from her

Caucasian coworkers, including in unequal wages and compensation, because of their race.

31. Plaintiff's race was the determining factor and/or a motivating factor in Defendant's actions.

32. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

33. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

34. Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

## CHARGE OF DISCRIMINATION/RIGHT TO SUE

35. On or about June 4, 2021 the Plaintiff filed her "Charge of Discrimination" with the Massachusetts Commission against Discrimination. A copy of her filed Charge is attached hereto as **Exhibit A.**

36. On or about October 15, 2021 a "Notice of Right to Sue" was sent to the Plaintiff granting her 90 days in which to file a lawsuit. A copy of said Notice is attached hereto as **Exhibit B.**

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for relief as follows:

1. For a declaration that the Defendant's actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Plaintiffs by reason of

6

Defendants' unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount in excess of $70,000.00.

4. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

5. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

6. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k); and

7. For such other and further relief as this Court deems just and proper.

NATASHA THOMAS

By: /s/ Scott Skaletsky
Scott Skaletsky

Scott Skaletsky, Esq.
Benjamin and Shapiro, Ltd.
180 North LaSalle Street
Suite 2600
Chicago, Illinois 60601
(312) 641-5944
(312) 641-3370 fax
ARDC #6181405
*sskaletsky@benshaplaw.com*